IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

MAY 3 0 2025

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

VALERIE NICHOLAS
in re KB, a minor,

    **Plaintiff,**

v.              Civil Action No. 1:25cv00016

SGT. REED, et al,

    **Defendants.**

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND LIFT SEAL ON CASE

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Rule 15.01 of the Local Rules of Civil Procedure, and this Court's Order dated May 8, 2025 (Dkt. 19), Plaintiff Valerie Nicholas for her minor son K.B., by counsel, hereby moves to amend her complaint. In addition, Plaintiff respectfully requests that the case no longer be sealed. In support of the motion, Plaintiff states as follows:

1. This civil action was filed pro se by Plaintiff in the Circuit Court of Harrison County, West Virginia, in or around February 2025. Upon information and belief, the pro se Plaintiff filed an amended complaint in or around March 2025.

2. In the pro se complaint, Ms. Nicholas alleges that her son, K.B., was wrongfully detained, arrested, and subjected to excessive force by Defendant Sargent William Reed, who was then a member of the Clarksburg Police Department. Plaintiff asserts violations of the Fourth, Eighth, and Fourteenth Amendments to United States Constitution, pursuant to 42 U.S.C. § 1983.

3.  Upon information and belief, Plaintiff has successfully served the complaint on Defendant City of Clarksburg Police Department, who is now represented by counsel.

4.  Upon information and belief, Defendant Reed has not yet been served; the undersigned counsel is currently working to effect service.

5.  Defendant Clarksburg Police Department has filed two motions: a motion to "Strike Specific Monetary Demand for Damages," and a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Upon information and belief, both motions are still pending.

6.  The undersigned counsel entered into a retainer agreement with Plaintiff on Friday, May 2, 2025, and entered notices of appearance the same day.

7.  Pursuant to Rule 15, an amendment to a pleading may be effectuated through leave of the Court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

8.  The Court of Appeals for the Fourth Circuit has stated that "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).

9.  Here, permitting Plaintiff to amend will not prejudice any party, as this matter is in very early stages; indeed, one party has not yet been served. Likewise, there has not yet been a scheduling order entered and discovery has not yet begun.

10. Not only would the amendment not be prejudicial, permitting counsel to clarify the pro se allegations and claims in this matter will aid both the Court and opposing parties in understanding the exact nature of the action.

11. Indeed, Plaintiff's proposed Second Amended Complaint does not assert claims against Defendant City of Clarksburg Police Department, thereby voluntarily dismissing that party without prejudice and mooting the two pending motions.

12. Finally, the proposed Second Amended Complaint more effectively states Plaintiff's claims, promoting judicial economy and preserving the resources of the parties and this Court.

13. Accordingly, this motion is in the interest of justice and is not prejudicial and thus should be granted.

14. The proposed Second Amended Complaint is attached hereto as Exhibit 1.

15. Plaintiff further requests that this Court remove this matter from being under seal.

16. Upon information and belief, the case was originally filed under seal, as a result of the original complaint, filed in Circuit Court of Harrison County, containing the full name of the minor, KB. Upon information and belief, when the case was removed to federal court, it continued to be sealed.

17. While Plaintiff would respectfully request that the documents contained in the Notice of Removal, which contain numerous references to the minor's full name, as well as the subsequent court orders, which use the minor's full name in the caption, continue to be sealed, Plaintiff respectfully suggests that the case does not need to continue under seal going forward, in light of the substitution of initials for the minor's name.

18. In the Fourth Circuit, sealing a case, or even documents within a case, is considered a drastic measure, which should only be taken where less drastic options are not available. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

19. With regard to documents and civil cases involving juveniles, it is standard practice to refer to the juvenile by initials to protect their identity, rather then to seal the entire case. *See Hogan v. Cherokee Cty.*, No. 1:18-cv-00096-MR-WCM, 2020 U.S. Dist. LEXIS 196834, at *4 (W.D.N.C. Oct. 22, 2020) ("for an exhibit that references a juvenile by name, a less drastic alternative to sealing the entire exhibit would be simply to redact the name of the juvenile and refer to that juvenile only by his or her initials.").

20. Here, Plaintiff believes that the standard convention of using initials to refer to the minor child is sufficient to protect the child's identity and that sealing the entire case is not necessary or appropriate.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the Second Amended Complaint, order that the attached complaint be filed by the Clerk of the Court, and order that the case be unsealed for all future filings.

                                                 **Respectfully Submitted,**
                                                 **Plaintiff Valerie Nicholas**
                                                 **by Counsel,**

*/s/ Lydia C. Milnes*
Lydia C. Milnes (WVSB # 10598)
Lesley M. Nash (WVSB #14158)
Mountain State Justice, Inc.
1029 University Ave Ste 101
Morgantown, WV 26505
Phone: (304) 326-0188
Facsimile: (304) 326-0189
lesley@msjlaw.org
*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**VALERIE NICHOLAS**
in re KB, a minor,

        **Plaintiff,**

v.                                                   Civil Action No. 1:25cv00016

**SGT. REED, et al,**

        **Defendants.**

## CERTIFICATE OF SERVICE

I, Lydia C. Milnes, counsel for Plaintiff do hereby certify that the foregoing *"Motion for Leave to Amend Complaint and Lift Seal on Case"* was served on counsel the 30th day of May 2025, through electronic message as follows:

Richard Marsh
Flaherty Sensabaugh, Bonasso, PLLC
48 Donley St, Suite 501
Morgantown, WV 26501
304-598-0788 (phone)
304-598-0790
rmarsh@flahertylegal.com
*Counsel for Defendant Clarksburg Police Department*


/s/ Lydia C. Milnes
Lydia C. Milnes (WV Bar No. 10598)