```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                        CLARKSBURG
```

VALERIE NICHOLAS
Parent and Next Friend
of K.B., a minor,

      Plaintiff,

v.                                        CIVIL ACTION NO. 1:25-CV-16
                                                            (KLEEH)

CLARKSBURG POLICE DEPARTMENT
and SERGEANT WILLIAM "BILL"
REED, in his individual and
official capacities,

      Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND LIFT SEAL ON CASE [ECF NO. 21]

Pending before the Court is *Plaintiff's Motion for Leave to Amend Complaint and Lift Seal on Case* [ECF No. 21]. For the reasons discussed below, the motion is **GRANTED**.

### I. RELEVANT PROCEDURAL HISTORY

On February 3, 2025, Plaintiff Valerie Nicholas, on behalf of her minor son, K.B. ("Plaintiff") filed suit, pro se, in the Circuit Court of Harrison County, West Virginia, against Clarksburg Police Department, alleging deprivation of rights, false imprisonment, and outrageous conduct. ECF No. 1-1. On March 5, 2025, Defendant Clarksburg Police Department removed the case from the Circuit Court of Harrison County, West Virginia, to this Court. ECF No. 1.

On March 11, 2025, Plaintiff, pro se, filed, as a matter of course, an amended complaint against Clarksburg Police Department and Sergeant William "Bill" Reed ("Defendants") alleging claims of wrongful detention, false arrest, and excessive force resulting from an arrest made by Defendant Reed on October 16, 2021. ECF No. 3. In the amended complaint, Plaintiff asserted violations of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. Id.

On May 2, 2025, counsel for Plaintiff noticed their appearance. ECF Nos. 14, 15. Thereafter, Plaintiff by counsel filed *Plaintiff's Motion for Leave to Amend Complaint* [ECF No. 17], which sought permission to file a second amended complaint. However, the Court denied Plaintiff's Motion without prejudice because Plaintiff failed to attach a proposed second amended complaint to the Motion. ECF No. 19. The Court's *Order Denying Plaintiff's Motion for Leave to File to Amended Complaint, with Leave to Refile Pursuant to Local Rule 15.01* [ECF No. 19], provided a May 30, 2025 deadline to refile the motion to amend. On May 30, 2025, Plaintiff filed the subject Motion, which included a proposed Second Amended Complaint. ECF No. 21-1. Plaintiff's Motion additionally seeks to lift the seal on this case. ECF No. 21. Defendants did not file a response in opposition.

2

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint "once as a matter of course" within either 21 days after serving the complaint, or "21 days after service of a responsive pleading or . . . a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The decision to grant or deny a motion to amend is within the discretion of the Court. See Scott v. Fam. Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013). Nonetheless, the Supreme Court of the United States has set forth factors for courts to consider when applying Rule 15(a)(2). See Foman v. Davis, 371 U.S. 178, 182 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Courts should grant leave to amend unless the amendment (1) "would be prejudicial to the opposing party," (2) "there has been bad faith on the part of the moving party," or (3) "the amendment would have been futile." Johnson, 785 F.2d at 509 (citing Foman, 371 U.S. at 182).

First, prejudice to the opposing party can result when a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the

3

opposing party. Id. at 510. Often, a finding of prejudice applies when the amendment is offered "shortly before or during trial." Id. (citing Roberts v. Ariz. Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981) (citations omitted)).

The second factor is whether the party seeking to amend is doing so in bad faith. Bad faith amendments are "abusive" or "made in order to secure some ulterior tactical advantage." GSS Props., Inc. v. Kendale Shopping Ctr., Inc., 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988) (citing 6 C. Wright & Miller, Federal Practice and Procedure, § 1487 (updated Apr. 2015))). In assessing this factor, the court may consider the movant's delay in seeking the amendment but delay alone "is an insufficient reason to deny the plaintiff's motion to amend." Hart v. Hanover Cnty. Sch. Bd., No. 11-1619, 495 Fed. App'x 314 (4th Cir. 2012) (citations omitted).

The third factor weighs against granting leave to amend when amending the complaint would be futile. Johnson, 785 F.2d at 509-10. Even in the absence of prejudice and bad faith, a court should still deny leave to amend when the amended complaint would not survive a motion to dismiss, Perkins v. U.S., 55 F.3d 910, 917 (4th Cir. 1995), or "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510.

### III. DISCUSSION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff asserts that she should be permitted to amend

the Complaint because it will allow counsel to clarify the pro se allegations and claims in this matter. ECF No. 21 at p. 2. Second, Plaintiff argues that no party would be prejudiced by the filing of an amended complaint because this matter is in the early stages as one party has not yet been served, discovery has not begun, and a scheduling order has not been entered. Id. Third, Plaintiff's proposed Second Amended Complaint does not assert claims against Defendant City of Clarksburg Police Department, voluntarily dismissing them from this action and thus mooting the two pending motions [ECF Nos. 5,6]. Id. Fourth, Plaintiff asserts that the Second Amended Complaint more effectively states her claims for false arrest, excessive force, and assault and battery. Id.

Here, the Court finds that the Foman factors support granting Plaintiff's motion for leave to amend. First, Plaintiff's amendment does not delay this action because discovery has not yet begun, and the Court has not entered a scheduling order. Second, permitting counsel to clarify the pro se allegations will aid in both counsel and the Court's understanding the exact nature of the action, which will assist in efficient litigation and use of judicial resources. Additionally, Plaintiff's proposed Second Amended Complaint does not state any claims against the City of Clarksburg Police Department, which moots arguments currently before the Court. Ultimately, the Court concludes that the proposed amendments are not futile. Finally, Defendants are not prejudiced

5

by Plaintiff amending the complaint because this matter is in the early stages and discovery has not yet begun. Further, Defendants did not file any response in opposition to Plaintiff's motion to amend the complaint.

Plaintiff additionally requests that the Court unseal this case for all future filings provided that the minor is referred to by his initials to protect his identity. ECF No. 21. The Court agrees that sealing the entire case is no longer necessary. Further, this Court's local rules provide that in cases involving minor children, the child must be mentioned by initials only. LR Gen P 5.08(a)(2). Accordingly, *Plaintiffs' Motion for Leave to Amend Complaint and Lift Seal on Case* [ECF No. 21] is **GRANTED**.

### IV.   CONCLUSION

For the reasons stated herein, *Plaintiffs' Motion for Leave to Amend Complaint and Lift Seal on Case* [ECF No. 21] is **GRANTED**. The Court **DIRECTS** the Clerk of Court to **FILE SEPARATELY** Plaintiff's proposed *Second Amended Complaint*, attached as ECF No. 21-1. The Clerk is further **DIRECTED** to **UNSEAL** this matter and to provide copies of all sealed filings to Plaintiff's counsel. The parties are **ORDERED** to refer to any minors by initials only in future filings in accord with LR Gen P 5.08(a)(2).

The Court further **DIRECTS** the Clerk to **SEAL** the following docket entries upon unsealing the case: ECF Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 16, 18, 19, and 23.

6

Given the Court's ruling on the subject Motion [ECF No. 21], the pending *Motion to Dismiss Complaint Under Rule 12(b)(6)* and *Motion to Strike Specific Monetary Demand for Damages* are **DENIED AS MOOT** [ECF Nos. 5, 6]. Defendants may move to dismiss the Amended Complaint.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED**: July 2, 2025

*/s/ Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA